Sherwood *v.* Harral.

RICHMOND SHERWOOD *vs.* FREDERICK F. HARRAL.

A lessee for a term of years covenanted to keep the premises insured for a certain sum during the term, in companies approved by the lessor, the lease to be forfeited on his neglect. Held that the lessee might take out the insurance on the property for the benefit of both lessor and lessee according to their respective interests, and was not bound to renew a policy previously taken out by the lessor on his own interest merely.

Where therefore. upon the expiration of such policy, the lessor, without notice to the lessee, renewed it, and several days after demanded of the lessee the amount of the premium paid by him, which the lessee, supposing that the policy had not yet expired, refused to pay, upon which the lessor made entry and claimed a forfeiture, immediately after which the lessee paid the renewal premium to the insurance company, it was held that, whatever might have been the effect of the lessee's neglect to procure some proper insurance on the expiration of the policy, if an entry had been made and a forfeiture claimed on that ground, yet the refusal to pay the premium demanded was not itself a breach of the covenant, working a forfeiture of the lease.

WRIT OF ERROR to the Court of Common Pleas of the county of Fairfield from the judgment of a justice of the peace upon a summary process to recover possession of leased premises ; the plaintiff in error being the defendant in the original suit.

The lease, which was an indenture under seal, was dated April 1st, 1871, was for the term of five years from that date, and was made by Harral, the defendant in error, to one Harty, who on the 24th of July, 1871, assigned his interest to Sherwood, the plaintiff in error. The indenture contained the following covenant and condition :

" And the said party of the second part doth hereby covenant and agree to and with said party of the first part, that the said party of the second part will at his own proper costs and charges insure said premises against loss or damage by fire in some incorporated company or companies.to be approved by said party of the first part,. and will keep the same insured during the whole of the term hereby granted for the sum of five thousand dollars, and will pay all premiums of insurance therefor when the same shall become due and payable. * * * If the yearly rent above reserved, or any part thereof, shall be in arrear or unpaid, on any day of payment whereon the same

·ought to be paid as aforesaid; or if default shall be made in any of the covenants herein contained on the part of the said party of the second part to be kept and performed, then and from thenceforth it shall and may be lawful for the said party of the first part, into and upon the said demised premises and every part thereof wholly to re-enter and remove all persons therefrom, and the same to have again, repossess and enjoy as in his said first and former estate, anything herein before contained to the contrary thereof in anywise notwithstanding."

Judgment having been rendered by the justice for the plaintiff, the defendant filed a bill of exceptions, which was allowed by the justice, and brought a writ of error to the Court of Common Pleas. The facts certified in the bill of exceptions, and the exceptions taken, are sufficiently stated in the opinion of the court.

The Court of Common Pleas reversed the judgment of the justice, and the defendant in error, (the original plaintiff,) brought the record before this court by a motion in error.

*Treat* and *Bullock*, for the original plaintiff.

*G. Stoddard* and *Hall*, for the original defendant.

SEYMOUR, J. The principal question in this case is, whether, upon the facts appearing on the bill of exceptions, the lease became forfeited by the defendant's breach of covenant to keep the premises properly insured.

The covenant is in substance that the lessee and his assigns will at their own proper cost insure the premises against loss or damage by fire, in companies to be approved by the lessor, and keep them insured during the term for $5000, and pay all premiums of insurance therefor when the same become · due and payable.

It appears from the bill of exceptions that at the date of the lease, April 1st, 1871, the premises were insured by a policy theretofore taken out by the lessor in the Howard Insurance Company for $2,000. This policy expired March 1st, 1872, and the controversy before the justice court seems to have

related solely to the alleged neglect of the defendant to renew this policy. There does not appear to have been any complaint of breach of covenant prior to this 1st of March, 1872, nor any complaint in respect to the remaining $3,000 for which insurance was to be made.

On the 1st of March, 1872, the lessor, without any communication it would seem with the tenant, renewed his policy in the Howard Insurance Company for one year, and paid the premium, $20. On the 20th of March, 1872, the lessor's agent demanded of the defendant on the premises the premium so paid. The defendant at that time declined to pay, supposing that the premium did not become due till April 1st; but on the 22d of March, the defendant did pay to the insurance company the $20 as renewal premium, and notice to quit was on the same day served upon him.

From this statement of the facts it would seem that the lessor, having this insurance of $2,000, was content with that, without requiring the lessee to insure for more than $3,000 until the Howard company's insurance should expire, and it may fairly be inferred, though not distinctly stated, that the parties mutually agreed that when this insurance should expire, on the 1st of March, it should be renewed at the expense of the lessee, in satisfaction as far as it went of his covenant; but the understanding on the subject could not have been very explicit, for the lessor himself paid the renewal premium and gave no notice to the tenant until March 20th, and it is found that the defendant was under a mistake as to the time and believed that the policy expired on the first day of April instead of the first day of March, and upon demand said he was ready to pay if it was in fact due, and in fact did pay on the 22d of March.

The precise point ruled by the justice court of which complaint is here made, is that the defendant's refusal to pay the $20 demanded on the 20th of March constituted a breach of the covenant and a forfeiture of the lease. The insisting upon a forfeiture under these circumstances is clearly inequitable, and we think the decision of the justice clearly wrong in strict law also. Whatever may have been the verbal understanding

between the parties, the covenant in the lease does not bind the lessee to procure or to renew a policy insuring merely the lessor's interest in the premises, for the sole benefit of the lessor and in the lessor's sole name. This policy having been procured before the lease by the lessor must have been solely of the lessor's interest, but the lessee under this lease for five years, with its covenant by the lessee to keep the property in repair, was largely interested in the premises and in the insurance of them against loss or damage by fire, and the covenant of the lessee is " to insure the premises." By fair construction this means that the premises to the amount of $5000 are to be insured by the lessee for the benefit of lessor and lessee according to their respective interests in the property, and that the lessee, subject to the approval of the lessor, may select the company in which insurance is to be made. Under such a covenant the lessor cannot require the lessee to renew a particular policy of the lessor's interest made to the lessor prior to the lease, nor can he justly claim that the lease is forfeited by the non-payment to him of the premium which he has paid in renewal of his policy.

It may be that the lessee, by his non-action on the 1st of March, did leave the premises uninsured so as thereby to have broken his covenant. Whether this be so or not is not the question before us. That is not the breach for which entry was made, nor is it the breach insisted on before the justice court and by reason of which the lease was adjudged to be forfeited.

We think there is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.