## John A. Widner v. Western Union Telegraph Co.

[See 47 Mich. 612.]

*Payment "in settlement of account."*

A debtor enclosed a check in a letter of transmittal which was merely a printed form with the blanks filled out in writing and containing the printed words "in settlement of account." The letter also enclosed a receipt in similar form and with the same printed words.

The creditor refused to sign this receipt but gave an ordinary receipt in place of it without objection from the debtor. Farther payments were made before the completion of the contract and the creditor frequently demanded full payment after the check was received and at such times the debtor made no claim of a settlement. *Held* that the words "in settlement of account" meant no more than "applied on the account."

It is the intention of the parties to an account that has not been paid in full which determines whether an alleged settlement was meant to dispose of the entire account.

Error to Bay. (Green, J.)   June 13.—October 3.

Assumpsit.   Defendants bring error.   Affirmed.

*Hatch & Cooley* for appellant.   A creditor who receives a payment enclosed in a letter which refers to it as "in settlement of account" cannot afterward sue for a balance: *McDaniels v. Lapham* 21 Vt. 222; *McGlynn v. Billings* 16 Vt. 329; *Towslee v. Healey* 39 Vt. 523; *Cole v. Transportation Co.* 26 Vt. 87; *McDaniels v. Bank of Rutland* 29 Vt. 230; *Preston v. Grant* 34 Vt. 201; *Potter v. Douglass* 44 Conn. 541; *Palmerton v. Huxford* 4 Den. 166; *Tuttle v. Tuttle* 12 Met. 551; *Stockton v. Frey* 4 Gill 406; *Foersch v. Blackwell* 14 Barb. 607; *Pierce v. Pierce* 25 Barb. 243; *Green v. Rochester Iron Co.* T. & C. (1 N. Y. Sup. Ct.) 5; *Wilmot v. Richardson* 2 Keyes 519, 528; *Cool v. Stone* 4 Ia. 219; *Jennings v. Major* 8 C. & P. 61; *Gordon v. Cox* 7 id. 172; *Sutton v. Hawkins* 8 id. 259; *Hastings v. Thorley* id. 573; *Wilkinson v. Byers* 1 Ad. & El. 106.

*Frank L. Westover* and *Shepard, Lyon & Clark* for appellee.

Sherwood, J.   The plaintiff brought this action against the defendant in the Bay circuit to recover a balance claimed to be due him from the defendants for poles sold and delivered under a written contract dated February 3d, 1880; and for disbursements made in and about the delivery of said poles—in all to the amount of $475. Declaration was on common counts; plea, general issue, with notice there-

under of set-off and of the contract under which poles were delivered and its terms, and alleging breach on part of plaintiff and claiming damages by recoupment. The jury rendered a verdict, under the instructions given them by the circuit court, for plaintiff for $434.49 damages, and defendant brings error. The exceptions all relate to the charge as given by the court and to his refusals to charge as requested.

The plaintiff's claim was for the value of one hundred and fifty-two poles and for disbursements to the amount of $220. The delivery of the poles was denied by defendant, and whether or not he was chargeable with the disbursements depended upon the construction to be given to the contract of the parties. These questions were both settled in favor of the plaintiff by the jury under the charge of the court.

It is claimed by defendant's counsel that Leman L. Culver was authorized to receive the money sent to him in the letter of July 29, 1880, in full settlement of accounts of plaintiff against defendant to June 30, 1880. The circuit judge charged that there was no evidence in the case tending to show such authority to make settlement. We have carefully examined the record, and if it were necessary to pass upon the question thus presented, we should be inclined to sustain the charge of the court. In the dealings and treaties had by plaintiff with the witness Culver only one thing was sought to be accomplished by the plaintiff, and that was the payment to Culver of the money borrowed of him; and the authority given to Culver was only to receive the money sent by defendant, and apply it to the liquidation of his claim: we can see no other intention or purpose in the testimony upon this point. There does not appear to have ever been a word said by Widner to Culver in regard to the settlement of this account between the parties; but on the contrary the record tends to show, as we think, that Culver knew that Widner had claims under the contract for property delivered, which would require his further attention before settlement could be had.

We now come to the consideration of the main question in the case, viz.: Upon the facts appearing in the record tending to show a settlement of the accounts between these parties, were the proper instructions given by the circuit judge to the jury?

The important testimony tending to show a settlement, is contained in the letters transmitting the two checks of the defendant. These letters are as follows:

"NEW YORK, [July 29, 1880.]

To [Leman L. Culver,]
    [Bay City, Mich.:]
Enclosed find check to your order on the [Commerce Bank, N. Y., for $2141.25,] in settlement of account to [June 30, 1880, bill of L. H. Widner.] Please date and sign the annexed acknowledgment and return with this. Return to number [222.]

Yours respectfully,
R. H. ROCHESTER, Treasurer."

"NEW YORK, August 30th, 1880.

To [J. A. Widner, Bay City, Mich.:]
Enclosed find my check to your order on the [Commerce Bank, N. Y., for $1867.30,] in settlement of acct. to [July 31st, 1880.] Please date and sign the annexed acknowledgment and return, with this advice, to

Yours respectfully,
R. H. ROCHESTER, Treasurer."

Accompanying each of these letters was a blank receipt, both alike except as to the amount of money inserted, reading as follows: "Received [here stating amount] dollars in settlement of account as above stated." The letters were wholly printed except those portions included in brackets. Many other letters were introduced in evidence, but these two, with the enclosures, and the fact that they were received by the plaintiff or his agent, and the drafts collected and appropriated by plaintiff, are the principal facts relied upon to show that these amounts were intended and considered to be in full for the plaintiff's claim. At the close of the trial counsel for defendant asked the court to charge the jury upon this subject as follows:

"First. If the jury find that the defendant, after the delivery of the poles in June, 1880, gave to the plaintiff the check of its treasurer for $2141.25, in settlement of the account of the plaintiff against the defendant to June 30, 1880, and if the jury also find that after the delivery of the poles in July, 1880, the defendant gave to the plaintiff the check of its treasurer for the sum of $1867.30, in settlement of the account of the plaintiff against the defendant to July 31, 1880, and if the plaintiff retained such checks, and drew the money thereon, and if he has made no offer to return such checks or the money received thereon, he is now estopped from disputing the settlement.

Second. When money is paid by a debtor to a creditor in full satisfaction of a debt, and the money is received by the creditor, and retained by him, the creditor cannot thereafter dispute the settlement, and will not be permitted to show that really the debt was in excess of the amount paid."

The circuit judge did not charge the jury in the language of these requests, but did charge:

"There is a proposition on behalf of the defendant, which, if sustained, will preclude any recovery in this case whatever. Where the parties have a controversy and there is a dispute about the amount claimed and the extent of it or the facts and circumstances relating to it, and each party knowing all about the facts, as these parties are supposed to have done after this discrepancy appeared, and these negotiations took place and this correspondence about a recount,—I say, if after all this the parties, understanding the facts, agreed upon an amount which would be accepted in settlement of the whole,—that agreement would be binding on both parties as settling the controversy. It would be an accord and compromise between the parties which the law would favor; and if these parties understandingly entered into a settlement embracing this controversy, and the plaintiff accepted what he was offered in full settlement of his claim, he is bound by it and cannot escape from it."

Referring to the last letter sent, the court further charged, after reading the check:

"Now this certainly imports on the face of it that this is tendered as so much in settlement of the account up to that time. It does not say in full, but in settlement of account. It does not specify what account, but there does not appear to

be any other account between the parties, so far as the testimony shows. Now, I say, if you are satisfied Mr. Widner accepted this in settlement and as a settlement, and as full payment of what was due to him, he is bound by it, although he may have had a good and legal cause of action against this defendant for a considerable amount more. If he did it, understanding the facts in the case, he is bound by it."

We think the charge of the court in this case very fair to the parties, and upon the point we are now considering covers the whole ground upon the testimony offered, and is quite as favorable to the defendant as his case would permit. It covers all the points contained in the defendant's requests above given, and states and applies the law correctly.

It is very clear from the testimony that the time limited in the contract for its performance, and the forfeiture for failure to perform, were both waived by agreement of the parties; and when the several payments were made by defendant there was no completion of the contract, but its future completion was by both parties contemplated and expected. There had been no consultation or agreement between the parties as to any amount the defendant was to pay for the property forwarded, other than that mentioned in the contract; neither did either of the letters accompanying the checks state any terms of settlement or compromise, except what was contained in the printed blank in common use by the firm and the receipt accompanying, which plaintiff refused to give. There is nothing except this to indicate that anything more was intended by defendant by the words "settlement of account" than is included in the words "applied on the account." Full payment was frequently, after these checks were received, demanded by plaintiff, but nowhere do we find defendant claiming a settlement of the balance when such requests were made.

The checks only contained the amount that defendant admitted was plaintiff's due. The letter contained no condition upon which plaintiff was to accept the money or any

direction what to do with it, if he refused to accept it; and we fail to find any testimony showing defendant found any fault with the ordinary receipt given by plaintiff for the money; or that he ever made a second request to have the receipts, sent with the checks, signed and returned by plaintiff; but defendant immediately went to making arrangements for the fulfillment of the contract. And it was months after the payment of these checks that defendant made claims against the plaintiff for damages arising under said contract, and which existed, if at all, at the time said payments were made. These were all facts and circumstances submitted to the jury upon the trial to enable them to ascertain the intention of the parties.

It was the intention of the parties—the one in sending, the other in receiving these checks—which was to govern the jurors, as they might find it, in deciding this question. If the defendant did not intend or expect that the payment and receipt of the amounts stated in the checks were to be a settlement of accounts between the parties to those dates,— or if the plaintiff, in receiving the check, did not intend by so doing to treat the account as settled,—then settlement could not be urged as a defense to the plaintiff's claim. 1 Pars. Cont. (4th ed.) 399 ; *Hazard v. New Eng. Marine Ins. Co.* 1 Sumn. 218 ; *Bruce v. Pearson* 3 Johns. 534 ; *Sheldon v. Capron* 3 R. I. 171 ; *Tuttle v. Love* 7 Johns. 470 ; *Hutchison v. Bowker* 5 M. & W. 538 ; *Eliason v. Henshaw* 4 Wheat. 225 ; Chit. Cont. 9, 10, 11 ; *Hubbard v. Coolidge* 1 Met. 93 ; *Continental Ins. Co. v. Horton* 28 Mich. 173. The jury passed upon this question under proper instructions as to the law, and decided in favor of the plaintiff; and we cannot disturb their verdict.

We find no error in the record, and the judgment must be affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred. COOLEY, J. did not sit in this case.