GEORGE W. ADAMS, administrator, *vs.* NORTH AMERICAN INSURANCE COMPANY.

Plymouth.   November 24, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Insurance,* Fire: insurable interest.  *Bond,* For a deed.

The owner of certain land with a building thereon executed and delivered a bond conditioned upon the conveyance of the premises by him to the obligee of the bond upon the obligee's paying a certain amount by monthly payments with interest, " said interest to be in lieu of rental for the use of said property," the obligee in the meantime agreeing to pay " taxes, insurance, water rates, and all other public liens and charges now or hereafter due from or levied against said property including repairs." The owner then insured the building to its full value and paid the premium and thereafter there were placed upon the property mesne attachments to a large amount in actions brought against the owner. The owner never occupied the premises, but they were occupied by tenants who paid rent to the obligee. The obligee then assigned his interest under the bond to one who at once paid to the owner the balance due upon the bond. The owner assented in writing to the assignment but made no conveyance to the assignee. After the assignment the premises were destroyed by fire during the term of the policy. *Held,* that the insured had an insurable interest in the property to the extent of its full value.

CONTRACT, originally brought by Horatio Adams upon a policy of fire insurance upon property in Kingston.   Writ dated November 12, 1908.

In the Superior Court the case was heard by *Pierce,* J., without a jury, upon an agreed statement of facts which gave the court power to draw inferences from the facts therein stated.

It appeared that Horatio Adams purchased the premises insured on April 30, 1897.   On the next day he gave a bond for a deed of the premises to one James Donley.   That bond provided that, upon Donley paying $500 and accrued interest to Adams, " said interest to be in lieu of rental for the use of said property," Adams should convey the premises to him, that the payments

should be monthly at the rate of $6 a month, and that "Donley shall also pay all taxes, insurance, water rates, and all other public liens and charges now or hereafter due from or levied against said property including repairs." The monthly payments were made regularly. Adams never occupied the property. It always was occupied by tenants who paid rent to Donley.

On May 1, 1902, Adams insured the premises against fire with the defendant for $800, the policy to run for five years. He paid the entire premium, $6.

Between April 2, 1904, and February 21, 1905, there were placed upon the property mesne attachments in nine different actions in which the ad damnums amounted to $157,000. These remained outstanding at the time this action was begun.

On April 3, 1905, Donley sold and assigned his right and interest under the bond for a deed to one George E. Cushman and Adams assented in writing to the assignment. Cushman at once paid Adams the balance due on the bond. Adams did not give a deed of the premises to Cushman at this time "because he thought all he had to do was to turn over the bond and that Cushman stood in his place."

The insured premises were destroyed by fire on November 15, 1906.

It was agreed that, if Adams had such an insurable interest as would support a recovery, there should be judgment to the extent of such interest, not exceeding $800 with interest.

The trial judge found for the defendant; and the plaintiff, who after the trial had been admitted to prosecute the action in the place of his intestate, Horatio Adams, appealed.

J. S. Allen, Jr.; for the plaintiff.

W. L. Came, for the defendant.

SHELDON, J. The only question raised here is whether the original plaintiff had in the property insured an insurable interest sufficient to support a recovery; and it is agreed that if so, judgment shall be entered in his favor to the extent of that interest, not exceeding the amount of the policy.

He was the legal owner of the property. The title was in him. But he had given a bond for a deed to Donley; Donley, or his assignee Cushman, had paid the full agreed price; and the plaintiff was bound to convey to Cushman and apparently

thought, though erroneously, that he had done so by turning over the bond to Cushman. In the meantime nine different attachments to the aggregate amount of $157,000 had been placed upon the plaintiff's real estate, all of which were still outstanding when this action was brought. The agreed price was $500. The amount of the insurance was $800. This was the state of affairs when the house was destroyed by fire.

The plaintiff had an insurable interest when he took out the policy, although he had agreed to sell the property for a fixed price to be paid by instalments, and to convey it upon full payment. But the price had not yet been fully paid, and the time for the conveyance had not arrived. If he should fail to keep his agreement by making the conveyance, he would at the election of Cushman be liable in damages. But he still owned the property and had a full insurable interest in it. *Thompson* v. *Gould,* 20 Pick. 134. *Wells* v. *Calnan,* 107 Mass. 514. *Hawkes* v. *Kehoe,* 193 Mass. 419. The ordinary principle, *res perit suo,* must be applied.

When the time came for making the conveyance, the property was subject to attachments to an amount far exceeding its apparent value. The purchaser could not have been compelled to accept a conveyance; and the plaintiff would have been liable for damages in a sum equal to the value of the property. This liability continued up to the time of the fire. He had a right to protect himself against it by insurance; and for this reason too he had an insurable interest to the full value of the buildings. The reasoning of the opinion in *Jenks* v. *Liverpool, & London & Globe Ins. Co.* 206 Mass. 591, 597, applies here.

The provision in the bond that the purchaser should pay for insurance does not indicate that the parties intended that the purchaser should have the insurable interest and should protect the property for his own benefit. This provision, like that for the payment of taxes and other charges, was inserted for the benefit and relief of the owner. As to insurance, it evidently contemplated that this should be in the name of the plaintiff, for his benefit, upon his property and payable to him. Otherwise the stipulation would have been needless.

The plaintiff, both when he took out the policy and when the building was burned, had an insurable interest to the full value

of the property.    Under the agreed facts he is entitled to judgment for $800 with interest from July 1, 1907.

*So ordered.*