MOSES RICHMOND *vs.* HARRY S. KELSEY.

Suffolk.   October 17, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Insurance of premises, Covenant to insure. *Insurance,* Fire. *Assignment.*

Where a lease of real estate contains a covenant by the lessee that he will, "at the expiration of said term, peaceably yield up unto the said lessor all and singular the premises and all the erections and additions made to or upon the same, in good tenantable repair in all respects, reasonable wearing and use thereof, and damage by fire and other casualties excepted," and also a condition that, if the lessee fails "to pay the rent and taxes which on his part are to be paid under the terms of this lease or within ninety days after the same shall become due and payable, then and in either of the said cases, the lessor lawfully may immediately or at any time thereafter, and while such neglect or default continues, enter into and upon the said premises or any part thereof in the name of the whole and repossess the same as of their former estate," the lessor has an insurable interest in the property and also in any erections or additions thereto, although the lease contains no provision for an abatement of the rent or for a termination of the lease in the event of the destruction of the buildings.

And where such lease also contains a covenant by the lessee to "pay unto the lessor the said yearly rent . . . and also all the taxes, insurance and assessments whatsoever," the lessee must effect such insurance as shall be reasonably adequate to cover and to protect the lessor's reversionary interest, and, if he fails to do so, the lessor may place such insurance and in an action of contract for breach of the covenant recover from the lessee the amount of premiums necessarily paid by him in so doing.

Such lessor's insurable interest is not merely nominal.

Such a covenant to pay for insurance was inserted for the benefit and indemnity of the lessor and therefore is not performed by the placing of insurance, however adequate, solely in the name of the lessee.

*Whether* such a covenant would be performed by the placing of adequate insurance payable in case of loss to the lessor and the lessee according to their respective interests in the property, was not decided.

*Whether* the right of the lessor, under the lease above described, to insure his interest when the lessee refused to do so and to compel the lessee to pay the cost of the insurance, was a right under a covenant which in the absence of an agreement by or liability of the lessor to rebuild or repair in case of fire ran with the land, or was personal, was not decided in this case, where, although an assignee of the lessor placed the insurance after the assignment, no question as to his having succeeded to the rights of the lessor was raised.

CONTRACT by the assignee of the lessor of real estate against the lessee with a declaration in two counts, the first count setting forth an alleged breach of a covenant of the lease as to payment for insurance, and the second count being upon an account annexed. Writ in the Municipal Court of the City of Boston dated July 9, 1915.

The evidence at the trial in the Municipal Court is described in the opinion. There was a finding for the plaintiff in the principal sum of $137.50, and at the request of the defendant the case was reported to the Appellate Division. The report was dismissed, and the defendant appealed.

*C. N. Barney,* for the defendant.

*F. P. Garland,* for the plaintiff.

PIERCE, J. This is an action by an assignee of a lessor against the lessee upon a covenant contained in an indenture of lease, which, so far as is material to the issue now presented, reads: "And the said lessee hereby covenants and promises with and to the said lessor that he will during said term, and for such further time as the said lessee or any other person or persons claiming under him, shall hold the said premises or any part thereof, pay unto the lessor the said yearly rent upon the days hereinbefore appointed for the payment thereof, and also all the taxes, insurance and assessments whatsoever, . . ."

Following the plaintiff's demand and the defendant's refusal to insure for the benefit of the plaintiff, the plaintiff placed on the property insurance, to the extent of $30,000 upon new buildings and $10,000 on old buildings, payable to himself. It is not argued; and apparently is not contended, that the insurance is excessive or based upon an exaggerated and fictitious valuation of the property. In effecting the insurance the plaintiff paid as a premium to the insurance company $137.50, and seeks to recover that sum as damage for breach of the covenant, in the first count of his substitute declaration, or, in the alternative, a like sum with interest after demand in the second count upon a common count for debt. The answer of the defendant is a general denial and payment.

At the hearing of the case before argument the defendant asked the trial judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. The lease does not require the lessee to effect insurance for the benefit of the lessor.

"3. The lease does not require the lessee to repay the lessor premiums for insurance effected by the lessor for his own benefit.

"4. The lease does not require the lessee to repay the lessor premiums paid for insurance, effected by the lessor for his own benefit, beyond a nominal amount."

The lessor, as reversioner, had an insurable interest in the property as it was when leased, and also in any erections or additions thereto, by virtue of the covenant of the lease which reads, "And further, that he, the said lessee, shall and will, at the expiration of said term, peaceably yield up unto the said lessor all and singular the premises and all the erections and additions made to or upon the same, in good tenantable repair in all respects, reasonable wearing and use thereof, and damage by fire and other casualties excepted." As also by the condition which reads: "Provided also that these presents are upon the condition that if the said lessee does or shall fail to pay the rent and taxes which on his part are to be paid under the terms of this lease or within ninety days after the same shall become due and payable, then and in either of the said cases, the lessor lawfully may immediately or at any time thereafter, and while such neglect or default continues, enter into and upon the said premises or any part thereof in the name

of the whole and repossess the same as of their former estate."
*Columbia Ins. Co.* v. *Cooper,* 50 Penn. St. 331.

From these covenants and conditions it appears that the lessor
has a valuable property interest to protect. And while it is true
that there is no provision for abatement of rent in case of the de-
struction of the buildings or for termination of the lease in such an
event, it is also a fact that the lessor has the right to determine
the lease on the non-payment of rent or taxes and to repossess
himself of his former estate. These considerations make certain
and establish the plaintiff's contention that the covenant to pay
the insurance is an agreement to effect such insurance as shall be
reasonably adequate to cover and to protect the lessor's reversion-
ary interest, and refute and disprove the defendant's claim that
the insurable interest of the owner of the buildings is only nominal.
This covenant, like that for the payment of taxes and betterments,
was inserted for the benefit and indemnity of the lessor. *Adams* v.
*North American Ins. Co.* 210 Mass. 550, 552. And it is not met
and performed by the placing of insurance, however adequate,
solely in the name of the lessee. We do not find it necessary to
decide whether the covenant would have been executed and ful-
filled had the policy been made payable to the lessor and lessee
according to their respective interests in the property. See *Sher-
wood* v. *Harral,* 39 Conn. 333.

Upon the refusal of the lessee on demand to perform the cove-
nant, the lessor could properly protect his risk and the covenantor
would become obligated to reimburse the lessor for the amount
of the premium which the lessor had to pay to effect the insurance.
*Dodd* v. *Jones,* 137 Mass. 322. Tiffany, Land. & Ten. 863 and
cases cited. There was a breach of the covenant under the first
count and the damages to be assessed were not necessarily nomi-
nal. *Hey* v. *Wyche,* 12 L. J. Q. B. 83.

The defendant does not contend that the plaintiff, as assignee
of the lessor, cannot maintain an action on the covenant because
there was no agreement by or liability on the lessor to rebuild or
repair in case of fire; it therefore is unnecessary to decide whether
the covenant is a personal one of indemnity or runs with the land.

It follows that the requested rulings were refused rightly, and
that the order dismissing the report should be affirmed.

*So ordered.*