CADILLAC THEATRE CO. *v.* FITZGERALD.

1. LANDLORD AND TENANT — INSURANCE — RIGHT OF· APPROVAL BY LESSOR.

   Where, by the terms of a lease, the lessors had the right of approval of the insurance carried on the buildings on said leased premises for their benefit, the premiums to be paid by the lessee, said approval was something more than a ministerial act, and involved the exercise of judgment and discretion.

2. SAME—FRAUD—RIGHT TO REJECT.

   Where there is no suggestion of fraud or other legal wrong, in the exercise of said right of approval, the lessors' act in rejecting insurance tendered cannot be attacked.

3. SAME—INSURANCE—LIABILITY OF LESSEE FOR PREMIUMS PAID BY LESSOR.

   Where a subtenant, by the terms of his lease, agreed to insure leased premises in favor of his lessor and the lessors in the original lease, but failed to do so before the expiration of the policies then in force, he is liable, in an action therefor, for the amount of the premiums paid by said parties for insurance taken out for their own protection.

4. SAME—PLEADING—DEFENSES.

   Where fraud was not pleaded, the defense that the amount of insurance demanded by plaintiff was unreasonable, is not available.

5. SAME.

   Where defendant failed to act in securing the insurance, he could not complain because plaintiffs took out one year term insurance, thereby paying a higher rate than for a longer term.

6. APPEAL·AND ERROR—OBJECTIONS NOT RAISED IN TRIAL COURT.

   An objection by plaintiff that the defense of payment, release, or satisfaction is not open to defendant because not specially pleaded, where not raised in the trial court, cannot be raised in this court.

7. LANDLORD AND TENANT—ACCEPTANCE OF PAYMENT—QUESTION
   FOR JURY.

> Where plaintiff accepted and cashed a check for the quar-
> terly rent, from the amount of which defendant had de-
> ducted the amount of certain repairs, the question as to
> whether, by accepting said check, plaintiff acquiesced in
> defendant's action, *held*, a question of fact for the jury.

8. SAME—CONDITIONAL JUDGMENT.

> Said item will be remitted and the judgment affirmed;
> plaintiff's counsel having consented thereto, on the oral
> argument in this court, in case a question of fact should
> be found.

Error to Wayne; Hosmer (George S.), J. Submit-
ted January 27, 1920. (Docket No. 40.) Decided
April 10, 1920.

Assumpsit by the Cadillac Theatre Company against
James A. Fitzgerald for premiums paid on insurance
policies upon leased premises. Judgment for plaintiff
on a directed verdict. Defendant brings error. Af-
firmed, conditionally.

*Percy W. Grose,* for appellant.

*James G. McHenry,* for appellee.

CLARK, J. William W. Lovett and Sarah E. Lovett
were lessors in a lease in which the interest of the
lessees had been assigned to plaintiff, Cadillac Thea-
tre Company. We quote a paragraph of the lease:

"Said second parties shall pay all premiums on in-
surance to the amount of $40,000 to be carried on
said building in company or companies to be approved
by said first parties, and the policies for said sum of
$40,000 insurance shall be taken out in the names of
said first parties, and shall be for their sole use and
benefit"

—and the following from a later lease of same

premises dated July 8, 1913, between plaintiff and defendant:

"And said second party further covenants to pay all premiums on insurance in companies and amount to be approved by said first party, to be carried on said building and equipment aforesaid situated on said premises, but the policies for the sum of $40,000 of such insurance shall be carried on said building in the names of Sarah E. Lovett of Detroit, Michigan, and William Watson Lovett of Los Angeles, California, for their sole use and benefit, in accordance with the terms, covenants, and conditions of the lease between said Lovetts and said first party. * * *

"And also the said second party has examined and knows the condition of said premises and has received the same in good order and repair, and hereby expressly agrees to take said building and equipment as they are now and in their present condition, and that said second party will at his own expense during the continuance of said term keep the said premises in as good repair, and at the expiration of the term yield and deliver up the same in like condition as when taken, reasonable wear and tear thereof and damage by the elements excepted."

Defendant went into possession between the 10th and the 14th of July, 1913. At the time of making the lease defendant was informed by plaintiff that the $40,000 of fire insurance then in force in favor of William W. Lovett and Sarah E. Lovett would expire July 17, 1913. On August 5, 1913, defendant delivered to plaintiff a number of fire insurance policies aggregating $40,000 covering the property, which policies were forwarded by plaintiff to Mr. Lovett who later refused them. It is said that during the period from July 17th to August 5th the property was covered by insurance provided by defendant in the form of a "binder" pending the issue of regular policies. Plaintiff had no notice of this insurance until it received the policies on August 5th. Defendant was notified that Mr. Lovett and plaintiff did not approve

the insurance offered by defendant. On July 17, 1913, Mr. Lovett, having no notice or communication from parties hereto as to the renewal of the insurance then expiring, and having received for approval no insurance policies covering the property, caused the property to be reinsured for the term of one year in the sum of $40,000, the premiums on such insurance upon request being later paid by the plaintiff. Plaintiff on August 5, 1913, requested defendant to cause to be issued insurance to the amount of $50,000 covering the property, in the name of plaintiff, in companies to be approved by it, and this in addition to the $40,000 of insurance in favor of William W. Lovett and Sarah E. Lovett. Defendant declined the request and plaintiff thereupon insured the property in its name and paid the insurance premiums, which insurance was later canceled. Plaintiff had an insurable interest in the property leased. It had made valuable and extensive improvements. There was testimony that about the time defendant went into possession of the leased premises he received a notice from the board of health of the city to abate a nuisance on the premises, an accumulation of water in the building, and defendant caused the sewer to be repaired. The repairing was done August 21st-28th and September 2d and the expense bill was paid by defendant October 31, 1913. On October 2, 1913, defendant paid to plaintiff rent in full for the last quarter of 1913. On January 2, 1914, defendant gave to plaintiff a check for rent for the first quarter of 1914 less the sum of $286.43, being several small items and the cost of repairing the sewer. Of this deduction plaintiff upon trial conceded $43.30 but claimed the remainder of $243.13. In May, 1914, plaintiff commenced this suit to recover of the defendant the amount of insurance premiums paid by it for the insurance in favor of William W. Lovett and Sarah E. Lovett, the cost of the insurance in its favor, the

remainder claimed to be due upon rent for the first quarter of 1914, and other small undisputed items. Defendant pleaded the general issue. At the conclusion of the proofs upon plaintiff's motion a verdict was directed in its favor for the full amount of the claim, $1,248.03, and interest $246.78, being $1,494.81.

Ought the defendant to pay the cost of the insurance provided by Mr. Lovett, and the cost of the insurance procured by plaintiff? The plaintiff had the right of approval of insurance both as to companies and amount. The Lovetts had the right to approve companies writing the insurance in their favor. Approval in this case means something more than a ministerial act. It involves the exercise of judgment and discretion. *Lane* v. *Insurance Co.*, 115 Am. St. Rep, 729 (142 N. C. 55, 54 S. E. 854). In the above case a policy of life insurance provided that delinquent members may be reinstated if approved by the medical director and the president, and as to their refusal to approve an application for reinstatement, the court said:

"Where there is no suggestion of fraud or other legal wrong, there can be no valid reason why the applicant should be permitted to attack the soundness of their judgment or the justness of their conclusions. We must hold it to be right, and unassailable in any such manner, because the parties have solemnly agreed that the matter shall be decided in that way." * * *

In the refusal to approve the companies whose policies defendant offered, and in the request of plaintiff for insurance in its favor we find no evidence of fraud or other legal wrong. *Richmond* v. *Kelsey*, 225 Mass. 209 (114 N. E. 319); *Hey* v. *Wyche*, 12 L. J. Q. B. (N. S.) 83; *Thomson-Houston Electric Co.* v. *Improvement Co.*, 23 N. Y. Supp. 900; *Sunday Lake Iron Co.* v. *Township of Wakefield*, 186 Mich. 626. Defendant sought to show that the amount of insurance de-

manded by plaintiff was excessive. There was abundant testimony that it was reasonable. As to that the trial court correctly said:

"As suggested by counsel, and I think it is true, that the pleadings in this case are not apposite for the introduction of such a defense. There is no suggestion of fraud in the matter of the pleadings, and I do not think that unless the parties, the Cadillac Theatre Company, were charged with fraud in such a matter, that such a defense might be introduced, and therefore I charge you that the defendants also became liable for the amount which was paid by the Cadillac Theatre Company for the protection of their own interests."

As the parties have construed this lease we are not obliged to determine whether the covenants were fulfilled by insurance procured in the name of plaintiff. *Sherwood* v. *Harral*, 39 Conn. 333. Defendant's failure to submit to the Lovetts on or before July 17th policies of insurance for approval, and his refusal to procure insurance requested by plaintiff, gave plaintiff and the Lovetts under the facts of this case the right to provide the insurance.

"The lessor may also recover damages for the lessee's breach of his covenant to insure, and if the lessor himself takes out the insurance he may recover from the lessee the amount of the premiums paid." 18 Am. & Eng. Enc. Law (2d Ed.), p. 656.

See, also, *Richmond* v. *Kelsey, supra.*

Defendant complains that Mr. Lovett bought insurance policies having a one-year term and that had insurance been bought for a longer term a better rate would have been had. If defendant desired policies of a different term he should have acted promptly.

The right of plaintiff to have the item of $243.13 ($286.43 less conceded items). Defendant informed plaintiff that the check of $5,338.57 was offered in payment of rent, $5,625, for first quarter of 1914, and

that the expense bill, $286.43, for repairing the sewer, etc., liability for which defendant disputed, had been deducted. Plaintiff accepted and cashed the check. We think the record discloses a question of fact for the jury as to whether the check was received by plaintiff in payment of the quarterly rent. *Tanner* v. *Merrill,* 108 Mich. 58 (31 L. R. A. 171) ; *Widner* v. *Telegraph Co.,* 51 Mich. 291; note 11 L. R. A. (N. S.) 1018; 1 R. C. L. p. 183; note 20 L. R. A. 785; *Hoey* v. *Ross,* 189 Mich. 193.

Plaintiff asserts that, there being no notice added to defendant's plea setting forth the defense of payment, release or satisfaction, such defense is not open to defendant. Circuit Court Rule No. 23. To evidence of defendant upon this question such objection was not made in the trial court and therefore cannot be raised here. Upon oral argument here counsel for plaintiff stated that if, as to the item under consideration, a question of fact should be found, plaintiff would remit from the judgment the amount of the item with interest rather than have the judgment reversed. Accordingly the item with interest amounting to $291.02 is remitted and the judgment in the sum of $1,203.79 is affirmed. Defendant will recover costs of this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.