**THOMAS L. TOWNSEND and MARTHA IVA TOWNSEND, his wife, v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION.**

| | |
|---|---|
| 15 So. (2nd) 199 | June Term, 1943 |
| October 1, 1943 | Division B |

*Milam, McIlvaine & Milam,* for appellants.

*C. D. Towers, v. Paul Ritter, Rogers, Towers & Bailey,* for appellee.

BROWN, J.:

Appellants filed a bill in the court below for a declaratory decree of the right of appellants as mortgagors to furnish fire insurance and the duty of appellee, as mortgagee, to accept such insurance, under a clause in a mortgage .which required the mortgagors to keep the buildings on the mortgaged property insured in a sum not less than a named amount, "in a good and responsible insurance company satisfactory to said" mortgagee. That appellants had tendered to appellee a policy in the required amount issued by a company qualified to do business in this state and one which the lower court held to be "a good and responsible company," but one which the answer alleges. was, nevertheless, not satisfactory to the mortgagee, because the company belonged to a certain minority class of fire insurance companies which the mortgagee's Board of Directors had declared of record would not be acceptable. Appellee's answer stated that it had given due and careful consideration to the question whether said policy should be accepted; that it had made a careful and thorough investigation as to the financial standing, reputation and integrity of all companies writing fire insurance in Florida in order that it might obtain the best possible protection against fire hazards for the properties, including that of plaintiffs, on which it holds mortgages, and had ascertained a large number of sound and responsible companies in which it would accept insurance; that plaintiff had tendered it a policy in one of a small minority class of companies who used a new and untried method of insuring against fire, and proceeded to give various reasons why the defendant mortgagee considered that it was safer and better for it to require properties on which it held mortgages to be insured in companies of the majority class which pursued "the oldest and best tried methods."

The following portions of the Circuit Judge's opinion and decree are worthy of reproduction here, as follows:

"The provision in question does not provide merely for a satisfactory company, but for a company satisfactory to the mortgagee. The Court cannot control the judgment and discretion thus vested in the mortgagee. No showing has been made to the effect that the mortgagee has abused its discretionary powers. Of course, if it were shown that the refusal of the mortgagee was the result of an arbitrary and unreasonable abuse of discretionary powers on the part of the mortgagee, or that it was the result of fraud or other legal wrong, then we might have a different case. There is, however, no showing of abuse of discretionary power, fraud or wrong-doing in this case. The Court finds its views supported by Cadillac Theatre Co. v. Fitzgerald, 210 Mich. 6, 177 N. W. 228; cf Finegan & Co. v. L'Engle, 8 Fla. 413, 422, and Duval County v. Charleston Engineering Co., 134 So. 509. "In reaching the above conclusion, I have not been unmindful of the fact that the covenant involved here contains the words 'in a good and responsible insurance company.' From all that appears it seems that the policy tendered by the plaintiffs is in a 'good and responsible insurance company,' and if the words just quoted are to be severed from their context, then it might be suggested that plaintiffs have performed their duty in tendering a policy in such a company. However, we cannot stop with the quoted words, for they do not stand alone. Those words are immediately followed, with no punctuation mark intervening, by the words 'satisfactory to the said party of the second part,' (mortgagee). Being followed by the words last quoted it thus appears that the company must not only be good and responsible, but must in addition be satisfactory to the mortgagee. It is a fundamental rule of construction that the meaning of any writing is not to be collected from any particular expression, but from a general view of the whole writing; all of its parts are to be compared, used and construed with reference to each other. If we give force and effect to the words 'good and responsible' in and by themselves we would do violence to the rule of construction just mentioned. In accordance with the rule I have not therefore read the words good and responsible by themselves, but

have construed them in connection with the words immediately following, and thus reach the result stated. See Raney J. in Jacksonville Street Railway Company v. Chappell, 22 Fla. 616 at page 626."

The case was submitted on bill and answer. The lower court entered an order dismissing the bill.

There is no suggestion here of any conspiracy or coercion to injure the business of any insurance company or agency as was alleged in Hunter Lyon, Inc., v. Walker, 11 So. (2nd) 176, 152 Fla. 61. Our view is in accord with that of the chancellor below. The inclusion of the phrase, "satisfactory to the party of the second part," must have had a purpose, and, in the absence of fraud or legal wrong, as here, what more reasonable purpose could there have been than to give the second party, the mortgagee, a wide discretion in choice, so long as that discretion was not exercised in an arbitrary, unreasonable and capricious manner. And we must not forget that a mortgagee has a definite interest by way of lien in the mortgaged property and is vitally concerned in the kind and amount of insurance carried on it.

We find no error in the record and the decree appealed from is hereby

Affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.