154 So.2d 313 (1963)
Harry E. PADDOCK, Appellant,
v.
BAY CONCRETE INDUSTRIES, INC., a Florida corporation, Appellee.
No. 3400.
District Court of Appeal of Florida. Second District.
August 30, 1963.
*314 William R. McCown of Carlton, Champlin & McCown, Tampa, for appellant.
Norman Stallings and J. Warren Frazier of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellee.
KANNER, Acting Chief Judge.
Harry E. Paddock, appellant, plaintiff below, appeals from adverse judgment consequent upon jury verdict resulting from a suit against defendant-appellee, Bay Concrete Industries, Inc., for alleged breach of an employment contract. The term of employment specified in the contract was five *315 years; during the first year of its running, defendant without notice discharged plaintiff in January of 1960 following execution of the contract in August of 1959.
The court entered a pre-trial order that the issue for trial, as to liability, was whether or not the discharge of plaintiff was the result of defendant's good faith dissatisfaction with plaintiff's services and, as to the counterclaim of defendant, whether or not plaintiff negligently and carelessly performed, or failed to perform, his duties. Upon motion by plaintiff for directed verdict on defendant's counterclaim, the court struck the counterclaim from the jury's consideration. Motion for new trial was denied.
The contract in question, as to all its contractual provisions, reads as follows:
"I.
"1. Employer agrees to employ Employee as General Manager, and to effect the election of Employee to the office of Executive Vice-President of Employer;
"2. Employer agrees to pay Employee the sum of $330.00 per week for and during the term of his employment.
"II.
"1. Employee agrees to devote his full time and effort to the business of Employer; and that he will faithfully perform all the duties pertaining to his office and position to the best of his ability and in a manner satisfactory to Employer.
"III.
"The terms of this contract shall be for 5 years from the date hereof, except as hereinafter provided; at any time after one year from the date hereof,
"1. Employee may, upon giving 90 days written notice to Employer, terminate his employment under the terms of this contract;
"2. Employer may, upon giving 90 days written notice to Employee, terminate the employment under the terms of this contract, provided, however, that such termination is based upon the unsatisfactory performance of the terms of this employment by Employee.
"IV.
"This agreement contains the entire agreement between the parties hereto and all representations, covenants, warranties, conditions, and considerations between said parties are incorporated herein."
Basically, the problem is one of construction. The cardinal criterion by which a court will be guided in construing a contract is to be found within the rule that, to ascertain the intent of the parties, the court will regard the total instrument and not particular provisions nor disjointed parts. The meaning is not to be gathered from any one expression but from a general view of the whole writing, with all of its parts being compared, used, and construed, each with reference to the others. United States Rubber Products, Inc. v. Clark, 1941, 145 Fla. 631, 200 So. 385; Lalow v. Codomo, Fla. 1958, 101 So.2d 390; and Townsend v. First Federal Savings & Loan Ass'n., 1943, 153 Fla. 535, 15 So.2d 199. All the various provisions of a contract must be so construed, if it can reasonably be done, as to give effect to each. Looking to the other provisions of a contract and to its *316 general scope, if one construction would lead to an absurd conclusion, such interpretation must be abandoned and that adopted which will be more consistent with reason and probability. Jacobs v. Parodi, 1905, 50 Fla. 541, 39 So. 833. Where the language of a contract is clear and unambiguous, the court can give to it no meaning other than that expressed. Hamilton Const. Co. v. Board of Public Instruction of Dade County, Fla. 1953, 65 So.2d 729. It is not within the power of a court to make a contract for the parties, and an unambiguous agreement must be enforced in accordance with its terms. Bryant v. Food Mach. & Chem. Corp. Niagara Chem. Div., Fla.App. 1961, 130 So.2d 132.
Usually, the duty of construing a contract is that of the court and not the jury. In City of Leesburg v. Hall, 1928, 96 Fla. 186, 117 So. 840, the court characterized as well established the rule that "* * * [o]rdinarily, the construction of a written contract is a matter of law, which must be determined by the court, and is not within the province of the jury. The court cannot shift the burden of construing a contract to the judgment of the jury, but must construe the contract and inform the jury as to the result of the construction by the court."
At the trial, but prior to the examination of any witnesses, plaintiff's counsel requested a direct ruling by the court construing the one year provision of the contract. The court, rejecting plaintiff's position that the contract operated to guarantee him one year's employment plus the 90 days' notice period, ruled, in effect, that if the employee's services were unsatisfactory, an element that required proof, his employer could discharge him during the first year without notice.
Plaintiff presents eight points on the appeal; he has combined some of these for discussion in his brief; and, because of their overlapping nature, we shall consider certain of them in combination also.
Under his first three appeal points, plaintiff urges that, by the clear wording of part III, the only provision in the contract relating to termination of employment, defendant could dismiss him upon his unsatisfactory performance but must pay him during the first year and the 90 days and that any other interpretation would require rewriting of the contract. He argues that, in any event, he is entitled to payment for the 90 days' notice time. Plaintiff therefore suggests that, if there was an uncertainty as to construction of part III, testimony which he had proffered as to the intent of the parties, that of guaranteeing him, in effect, a salary for one year plus 90 days thereafter, should have been allowed, with instruction to the jury in accordance with plaintiff's request upon this subject.
It is defendant's contention that the contract clearly provides that the employee agreed to perform in a manner satisfactory to the employer and that it was only at any time after one year that 90 days' notice was required for termination; consequently, defendant asserts that, upon its good faith dissatisfaction with performance by plaintiff of his duties, it could discharge him without notice at any time during the first year.
The principle applicable to construction of an employment contract for a definite term under a provision requiring the employee to perform satisfactorily was set out by the supreme court in Hazen v. Cobb-Vaughan Motor Co., 1928, 96 Fla. 151, 117 So. 853:
"* * * where the contract of employment is for a definite term, if it *317 provides that the services are to be performed to the satisfaction of the employer, it may be terminated by him at any time that he in good faith becomes dissatisfied with the service of the employee, though no real or substantial grounds for dissatisfaction exist. The employer is in such case the sole judge as to whether the services are satisfactory, and the courts will not substitute their judgment for his as to the reasonableness of the grounds of dissatisfaction. * * * But the general rule is that such dissatisfaction must be real and in good faith, not merely feigned, or capricious or mercenary. * * * A reservation of the right to discharge for reasons of the sufficiency of which the employer reserves the right to be the sole judge does not give the employer the right to terminate the contract without a reason or for a false reason. He must act in good faith."
See also Edwards v. Doherty, Fla. 1954, 74 So.2d 686, wherein the court applied and quoted the above principle from the Hazen case. It does not appear that in the Hazen and Edwards cases a contractual notice stipulation was involved. However, the language is clear that where the contract is for a definite term, if it provides that the services are to be performed to the satisfaction of the employer, it may be terminated by him at any time that he in good faith becomes dissatisfied with the service of the employee.
As we see it, to give any effect to part II, by the total contract and considering all its parts in context, the employer had a right to terminate plaintiff's employment without notice at any time during the first year that the employee's services were found, in good faith, to be unsatisfactory. Part I contains defendant's agreement to employ plaintiff in the capacity of general manager and to have him elected executive vice-president at a salary of $330 per week. The agreement of plaintiff under part II expresses his reciprocal obligation. As to the five year term of employment specified under part III, a qualifying condition of the tenure there set out is that "after one year from the date hereof" 90 days' notice was required for either party to terminate the contract. The interpretation of part III that this meant a guarantee of employment for one year plus 90 days, whether or not plaintiff performed his duties to his employer's satisfaction, would constitute a construction incompatible with the other provisions of the contract. The Hazen and Edwards decisions involve no termination of employment notice; the events here considered transpired within the initial one year period, with respect to which period there is no contractual requirement for notice. The principle enunciated in these two cases is applicable here. We conclude, therefore, that the contract is clear and unambiguous in its language, that it was the duty of the trial judge to interpret it, and that his action in so doing, as well as the construction rendered by him, should be sustained.
Points four and eight of plaintiff deal with receipt into evidence of testimony purporting to show circumstances known to one Joe Amis at the time he relieved plaintiff of his duties as general manager. Such evidence is stated by plaintiff to have had no relation to his employment nor to issues in the trial and to have resulted in a situation where the jury could speculate as to the cause of his discharge.
Factually, with respect to these points, the record discloses that Amis died without giving any testimony as to his reasons for dismissing plaintiff; it also indicates that Amis had the authority to terminate plaintiff's employment and that he was directly and constantly in touch with Bay *318 Concrete. An erstwhile partner of plaintiff and then sales manager of Bay Concrete gave testimony that he was present when plaintiff was discharged and that Amis told plaintiff he was dissatisfied with conditions under him and was replacing him. There was an abundance of testimony upon the subject of plaintiff's laxity, inattention to his duties, and lack of interest and effort, some of it by employees of Bay Concrete. One employee testified to the effect that on certain days plaintiff would fail to show up at all and on others would be present for only a short time. A former secretary at Bay Concrete testified that plaintiff appeared to be indifferent and that he seemed to spend much time in the office reading magazines or doing personal things rather than attending to business. The company dispatcher testified to the same effect. Certain employees stated that plaintiff utilized some of his working hours to take flying lessons. Still other testimony indicated that plaintiff spent a part of his time and energy seeking other employment. Taken as a whole, the evidentiary narrative which unfolded with respect to circumstances surrounding plaintiff's discharge was sufficient to make it admissible for jury consideration.
By points five, six, and seven appellant protests, respectively, (5) the trial judge's failure to direct a verdict on the counterclaim rather than striking it from consideration of the jury, (6) his giving of an instruction concerning the right of the employer to discharge the employee, and (7) denial by the court of appellant's motion for new trial. These points, however, are not sustainable.
As to point five, a perusal of the instruction to the jury by the trial judge in striking the counterclaim from its consideration reveals that it was comprehensive and clear, adequate for the purpose intended. Upon his ruling on the motion, he apprised the jury:
"Gentlemen of the jury, there was a counterclaim in this case by the Defendant against the Plaintiff. The Court has found for the Plaintiff on that counterclaim and struck that counterclaim from your consideration. You are, in no way, involved in that counterclaim in your consideration of this case. Is there any question on that? If not, you may proceed."
Then later, in charging the jury, the court added:
"First let me correct one thing I previously stated. I have found for the Plaintiff. I wanted to put in there that as a matter of law because I, in no way, impose upon your province as finders of the facts."
By his point six, appellant contends that the instruction given by the court to the jury concerning the right of the employer to discharge the employee was incomplete in that it did not utilize some of the words contained in the Hazen v. Cobb rule and that no definition was given by the court of the term, "reasonable grounds." However, these contentions do not indicate cognizance of other instructions touching upon the subject of the good faith requirement. It is not necessary that a single instruction to the jury contain all the law relating to the subject at issue; but where instructions are criticized on appeal, the totality of the instructions given must be considered and not merely isolated portions. Moreover, an appellate court will not reverse a judgment based on an erroneous or incomplete charge which could not reasonably have been harmful. Stiles v. Calvetto, Fla.App. 1962, 137 So.2d 17.
*319 Point seven, stating that the verdict was contrary to the evidence and the law, requiring new trial, needs no further comment in view of what we have already said.
Finding no reversible error, we affirm the judgment of the trial court.
Affirmed.
SHANNON, J., and WILLSON, J.H., Associate Judge, concur.