*Southern District*

No. 28845

**JOHN J. WILLIAMS
INSURANCE AGENCY INC.**

v.

**JOSEPHINE PUTIGNANO and
JOHN PUTIGNANO**

Argued:————1967          Decided:————1967

*Present:* Nash, C.J., Cox, Lee, J.J.

Case tried to *Kupka, J.* in the District Court of Brockton
No. 28845

*Cox, J.* This is an action of contract to recover from the defendants a balance for insurance premiums. There was a finding against the defendant John Putignano in the sum of $610.92 and a finding for the defendant Josephine Putignano.

The case is before us because the defendant John Putignano claims to be aggrieved by the denial of his three requests for rulings and by the denial of his motion for a new trial.

The three requested rulings which the justice denied are all based upon the proposition that as the defendant is not found to have had an insurable interest in the subject matter for which premiums are charged the plaintiff cannot recover.

It could have been found, as the justice did, that the plaintiff personally contracted with the defendant John Putignano for the issue of insurance policies covering a club, a bowling alley and a building, the names in which the policies were to be issued and the amounts and type of coverage, having been specified by the defendant. It does not appear who owned the club, the bowling alley or the building covered by the policies, nor what the defendant's interests may have been. The report indicates that he had no insurable interest.

It is the defendant's contention that as he did not have an insurable interest it follows that there can be no recovery of the premiums. This is the theme of his request for rulings which the justice denied.

Insurable interest has been defined as follows: "By the law of insurance, any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss,

whether he has or has not any title in, or lien upon, or possession of the property itself.'' *Womble* v. *Dubuque Fire & Marine Ins. Co.,* 310 Mass. 142, 144. That case (p. 144) also observes: ''But the insured may have an insurable interest in property in which he has no title whatever, legal or equitable.'' *Morrison* v. *Boston Ins. Co.,* 234 Mass. 453, 456. *Womble* v. *Dubuque Fire & Marine Ins. Co.,* 310 Mass. 142, 144. The case further points out (p. 147) that ''The requirement of an insurable interest when the risk is assumed arose merely to prevent the use of insurance for illegitimate purposes. It should not be extended beyond the reasons for it by excessively technical construction.''

Nevertheless, while a person not having an insurable interest in property may not acquire rights under a policy of insurance, no case has come to our attention which prevents such a person from personally obligating himself for the payment of the insurance premiums on policies issued to others. On the contrary, there are cases, closely analogous, which have recognized the contractual obligation by one at his own expense to insure property for the benefit of another, the one obligated having no direct benefit in the policy. In the case of *Richmond* v. *Kelsey,* 225 Mass. 209, a lessee covenanted to pay the premiums on the insurance for the lessor's benefit. Failing to do so the lessee was held liable for the premiums in

an action by the lessor's assignee. In *Adams* v. *North American Insurance Co.*, 210 Mass. 550, there was a provision in a bond for a deed that the buyer should pay for insurance on the property for the seller's benefit, which provision was upheld. That a person may contract to pay premiums for another who has the insurable interest was recognized in *Jenks* v. *Liverpool, & London & Globe Ins. Co.*, 206 Mass. 591, 597 even though in that case no such contract was found to have been made.

The fact that in the cases cited the persons who obligated themselves may also have had insurable interests does not, in our opinion, affect the result. The finding for the plaintiff promotes no illegitimate purpose, while to hold otherwise would require "an excessively technical construction". Indeed, it might well have been found that the defendant, having personally undertaken to insure a club, a bowling alley and a building, at the same time designating the types and amounts of coverage, stood to benefit by their existence or to suffer a loss by their destruction, in short, that in fact he had an insurable interest. However, we have dealt with the case on the ground that the justice did. Even though the defendant did not have an insurable interest he did personally obligate himself for the premiums. We think the decision was right and accordingly see no error in the denial of the defendant's requests for rulings.

■ The defendant's motion for a new trial is on the familiar grounds that the finding is against the law, the evidence and weight of the evidence. Another ground is asserted, that "The defendant has additional evidence on the question of liability which was not presented at the time of trial due to circumstances unforeseen at said trial and which appears (in an affidavit by counsel) attached herewith and under oath." Neither the affidavit nor the report contains any additional or new evidence. The affidavit by the defendant's counsel relates only to the absence of the defendant in Florida at the time of trial. It states that the defendant received notice in February that the case was set down for trial on March 31, 1966. That in the latter part of March the defendant left for Florida intending to return for the trial. That the defendant's daughter was discharged from the hospital on March 26, left for Florida with her mother on March 27 for reasons of health, and the defendant remained there with them until April 1 when they all returned to Massachusetts. Finally, it states that the defendant is now available to testify believing that he has a meritorious defense, which defense is not stated.

The report states that the defendant did not appear for the trial, at which time counsel for the defendants stated that his clients were in Florida but did not know why they had not returned for the trial. The court observed that

the case had been assigned many weeks before and that it should be tried. "Whereupon counsel for defendants said he could go on without them. Counsel for defendants did not press his request for a continuance." There was no error. A motion for a new trial "ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result." *Bartley* v. *Phillips*, 317 Mass. 35, 41-43. No new evidence or meritorious defense is reported. The denial of the motion for a new trial was a proper exercise of judicial discretion. *F. P. Battery Research Corporation* v. *Major Machine Corp.*, 342 Mass. 780. *Reasonable Homes Corporation* v. *Goodman*, 343 Mass. 780. The judge was right in proceeding with the trial. *Tierney* v. *Coolidge*, 308 Mass. 255, 261. *Knapp* v. *Graham*, 320 Mass. 50, 55. The defendant had consented. There was no abuse of discretion. *Ackroyd's Case*, 340 Mass. 214, 218 et seq.

As no prejudicial error of law has been shown the report should be dismissed.

VICTOR G. FIELDS, of Brockton
   for the Defendant