65 So.2d 729 (1953)
HAMILTON CONST. CO.
v.
BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY.
Supreme Court of Florida, Special Division A.
April 7, 1953.
Rehearing Denied May 7, 1953.
*730 Anderson & Nadeau, Miami, for appellant.
Edward F. Boardman and Boardman, Bolles & Kates, Miami, for appellees.
DREW, Justice.
On May 1, 1951, Hamilton Construction Co., hereafter called the contractor, entered into a written agreement with the Board of Public Instruction of Dade County, Florida, hereafter called the owner, to construct two school buildings. At the time this contract was entered into the litigation which resulted in the opinion of this Court in the case of Carpenters' District Council, etc. v. Miami Chapter of Associated General Contractors, etc., 55 So.2d 794, was pending. The contract provided the minimum wage scale of all employees under the contract except carpenters and floor layers. Because of the uncertainty of the wage scale of these craftsmen created by the action of the Local Council and the resulting litigation above described, a special clause was inserted in the contract reading as follows:
"Art. A-49 Schedule of Minimum Wages
"(a) Recommended by the Construction Industry Council of Dade County, 1113 Congress Building, Miami, Florida.
"(b) There shall be paid each employee engaged in work under this Contract at the site of the project in the trade or occupation listed on attached sheet, not less than the wage rate set opposite the same. (Refer to the Wage Scale Sheet attached to these General Conditions.)
"Official Construction Wage Rates Dade County, Florida.
"In Force Until Midnight March 31, 1951
"Carpenters (Foremen-add 12 1/2¢ or 25¢ per hour  see Trade Rules 2.06 1/4"
"The following addition shall be made to the section entitled `Official Construction Wage Rates Dade County, Florida'.
"This wage scale shall be effective as of January 1, 1951, with the exception of the classifications of Carpenters and Floor Layers.
"Since no decision has reached this office as of this date, the wages paid to Carpenters and Floor Layers will be handled in the following manner:
"`The wage scale referred to does not include wage scale for Carpenters and Floor Layers; the wage scale of $2.06 1/4 per hour and $2.10 per hour respectively for these trades is to be used. The Contract will provide for the payment by the Owner to the Contractor of any wages paid to Carpenters and Floor Layers at a rate in excess of $2.06 1/4 per hour and $2.10 per hour respectively, provided that the amount so paid in excess of $2.06 1/4 $2.10 per hour, respectively, is paid on a prevailing wage scale at the time so paid. That is to say, a wage scale that has been agreed upon by the Carpenters and the Floor Layers on one hand, and the various Contractors and Builders Associations on the other hand, and provided further that the Owner shall be furnished proof satisfactory to it of the payment of any increased wages, which proof shall consist of time not necessarily limited to signed payroll sheets, the privilege of inspecting the original and copies of Federal and State Unemployment Tax Refunds and original and copies of Federal Social Security Tax Returns; and provided further that the additional sum of money, if any, can be paid to the contractor by the Owner by reason of increased wages paid to Carpenters and Floor Layers shall be paid after the building is finally completed and the Owner has had sufficient time and information to check the proof furnished it by the Contractor with respect to the increased payments *731 provided hereunder.'" (Emphasis supplied)
In order to complete its contract, the contractor entered into an agreement with the Carpenters' Union to pay the carpenters, and did pay the carpenters on the job, $2.50 per hour, which scale it is admitted, was the scale paid by a majority of the general contractors of Dade County at the time, but was not the scale fixed by the Construction Industry Council. It is admitted that the contractor had paid to the carpenters on the two jobs a total of $13,594.34 in excess payments over the rate of $2.06 1/4 per hour.
The contractors contend: (1) that it was the intent of the parties to the contract to reimburse the contractor for wages paid in excess of a certain sum provided that the excess amount so paid was paid at the prevailing scale; (2) that the scale agreed to was a formulae and not a delegation of power; (3) that since it was only a formulae, if the scale could be ascertained otherwise it was unnecessary to resort to the formulae; and (4) that the reference in the contract to an agreement by the carpenters and the various contractors fixing a wage scale is void because it is meaningless and uncertain. The owner contends that the parties knew of the dispute respecting carpenters' wages and that to definitely fix the rights of the parties they agreed that the minimum hourly rate for carpenters would be $2.06 1/4 and that the excess paid, if any, would be the difference between that figure and whatever figure was fixed "by the carpenters * * * on one hand and the various contractors on the other hand," and that in using said language both parties had in mind that the words "prevailing wage" was that wage which would be fixed by the Construction Industry Council as had been done since 1948.
The lower court, in dismissing the contractors' complaint with prejudice, affirmed the position of the owner and, we think correctly.
We think the language of the contract which we have quoted and emphasized is unambiguous. We hold that the words "prevailing wage scale" used in the contract are defined by the following sentence in the contract to be a "wage scale that has been agreed upon by the carpenters and the floor layers on the one hand and the various contractors and Builders Associations on the other hand." No such scale having been agreed upon, the contractor is bound by the amount of $2.06 1/4 per hour fixed in the contract.
The parties selected the language of the contract. Finding it to be clear and unambiguous, we have no right  nor did the lower court  to give it a meaning other than that expressed in it. To hold otherwise would be to do violence to the most fundamental principle of contracts. 17 C.J.S., Contracts, § 296, p. 695. The parties simply agreed that if the Construction Industry Council fixed a wage scale for carpenters in excess of $2.06 1/4 per hour during the construction period and the contractor paid such scale, the owner would reimburse it for the difference. All other scales fixed by the Council were a part of the contract and it appears to be a perfectly natural thing to us that the same rule be used to measure the carpenters' wage scale.
For the reasons herein set forth the decree of the lower court is affirmed.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.