213 So.2d 514 (1968)
Therese SHAW, Appellant,
v.
BANKERS LIFE COMPANY, an Iowa Corporation, and National Distributing Company, Inc., a Georgia Corporation, Appellees.
No. 68-3.
District Court of Appeal of Florida. Third District.
August 6, 1968.
Rehearing Denied September 11, 1968.
Richard M. Gale, Norman Rutkin, for appellant.
Shutts & Bowen and Phillip G. Newcomm, Miami, for appellees.
Before PEARSON and HENDRY, JJ., and PIERCE, WILLIAM C., Associate Judge.
*515 PER CURIAM.
The plaintiff, surviving spouse of Herman Shaw and executrix of his estate, appeals a summary final judgment for the defendants, Bankers Life Company and National Distributing Company, Inc., in an action on an insurance policy. The factual basis for the summary judgment is not disputed. The determinative question is whether the trial judge's ruling as to the meaning of a clause of the insurance policy was correct.
The appellant relies upon the principle that terms in an insurance policy which are ambiguous, equivocal, or uncertain must be construed strictly against the insurer and liberally in favor of the insured so as to effect the primary purpose of payment to the insured. Firemans Fund Ins. Co. of San Francisco v. Boyd, Fla. 1950, 45 So.2d 499; National Casualty Co. v. General Motors Accept. Corp., Fla.App. 1964, 161 So.2d 848; Miller Elec. Co. of Fla. v. Employers' Liability Assur. Corp., Fla.App. 1965, 171 So.2d 40.
Appellee does not controvert this principle but maintains that as a matter of law the meaning of the clause in question is clear and unambiguous.
The pivotal clause concerns the effective date of the insurance policy.
"* * * * * *
"* * * Such insurance, when so requested, shall become effective on the first day of the insurance month coinciding with or next following
(a) the date the person is eligible, if the request is made on or before that date; or
(b) the date of the request, if it is made after but within thirty-one days following the date the person is eligible; * * *"
The appellant contends that the words "on the first day of the insurance month coinciding with or next following * * * the date of the request" may be construed so that the words "coinciding with or next following" refer to and modify the words "insurance month." We agree with the trial judge that such an interpretation is not reasonable and that clearly the words "coinciding with or next following" modify the phrase "first day of the insurance month."
Where the meaning of a contract is clear under the ordinary rules of English, this clear meaning may not be changed by the court. See Prescott v. Mutual Ben. Health & Accident Ass'n, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525 (1938).
Affirmed.