PER CURIAM.
A partial summary judgment limiting lb ability in this common law action was rendered during the pendency of the cause, and limited liability under a personal security agreement [or guaranty] given to secure debts of another to obligations arising subsequent to January, 1967.[1] The personal guaranty executed by the appellee, Rubinson, read in part as follows:
:{{ sjs ij: %
“ * * * the undersigned hereby jointly and severally guarantees the prompt payment, at maturity, of any and all notes, drafts, checks, and any and all indebtedness, direct or indirect, absolute or contingent, which may be outstanding or owing from, or which may be hereafter executed or incurred by said debtor to the said creditor.” * * *
% >jí ^ H* ifc
The record reveals that some time prior to the execution of this instrument the appellants had been supplying equipment to the appellee, Southeastern Equipment Lease Corp. That, by December of 1966 Southeastern was indebted to Emerson Radio of Florida, Inc., in the sum of $23,125.17. At this time, Emerson Radio of Florida held a personal guaranty from Rubinson and another, securing this indebtedness. The parties entered into negotiation in respect to the outstanding account, which resulted in the appellee, Southeastern Equipment Lease Corp., returning -a large amount of merchandise to Emerson and entering into a *131 new method of financing, a return by Emerson of the original documents to Southeastern, Rubinson and the other signator on the personal guaranty, and the execution of [among other things] the security agreement and personal guaranty involved in the instant law suit. It was the ap-pellees’ contention that Rubinson’s liability was limited to purchases made by Southeastern subsequent to the entry into of the new arrangements in late 1966 or early 1967. It is the contention of the appellants that the agreement meant what it said: that it was to “ * * * cover all present and future indebtedness of the debtor * . * * arising in any manner, direct or indirect, absolute or contingent and whether heretofore arising or hereafter accuring. * * ” And, that Rubinson should not be relieved of any liability.
At the time of the entry of the . partial summary judgment, there was an affidavit in the file by an officer of the appellant, Emerson Radio of Florida, Inc., to the effect that the guaranty was given not only to secure items purchased under the new arrangement but was also to secure the existing outstanding indebtedness. At this time, there was no dispute as to material facts in the record, and we find no reason to alter the legal effect of the plain words contained in the security agreement. Hamilton Const. Co. v. Board of Public Instruction of Dade County, Fla.1953, 65 So. 2d 729; Bryant v. Food Machinery and Chemical Corporation Niagara Chemical Division, Fla.App.1961, 130 So.2d 132; Paddock v. Bay Concrete Industries, Inc., Fla. App.1963, 154 So.2d 313; All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App. 1968, 212 So.2d 347.
A review of the entire record which resulted from the trial indicates that not only should the final summary judgment limiting liability be reversed, but it should be reversed with directions to modify the final judgment here under review in favor of the appellants by increasing the amount to a total of $24,972.56 against Norman Rubinson.
Therefore, the final judgment here under review be and the same is hereby reversed, and modified in part with directions.

. Ultimately, final judgment was entered in favor of the appellants against Rubinson in the amount of $1,847.39.