PEARSON, Judge.
The defendant-appellant is the executor of the estate of William J. Graham. The appellee is the divorced wife of William J. Graham, and a claimant against the estate of her former husband. The appellee is asking for a continuance of alimony payments beyond the date of the death of her former husband. An objection to the claim was filed by the appellant in the county judge’s court. Then the appellee brought an action in the circuit court seeking enforcement of an agreement made with her former husband at the time of their divorce which she claimed provided for the payment of $1,500.00 per month for a five-year period following his death. The cause was tried before the court and a judgment entered directing payment of $1,500.00 per month “for a period of five (5) years from the date of death of said William J. Graham . . .”. This appeal followed.
Appellee’s claim against her former husband’s estate is based upon an agreement which was made a part of the final decree which divorced the parties in 1960. The pertinent part of the agreement is recited in the decree as follows:
“5. Plaintiff husband shall pay directly or indirectly over to defendant wife the sum of $1,500.00 per month, as and for her support and maintenance for and during her lifetime or until she shall remarry. In the event that the plaintiff husband shall predecease the defendant wife, then the estate of the plaintiff shall be chargeable only with five years support and maintenance for said defendant wife from the date of any Order of Court or decree that may be entered in this cause, providing, of course, that said defendant wife has not remarried; less any credits the defendant wife may have received by reason of any interim payments arising out of any insurance policy or other appropriations especially earmarked by defendant husband for any such purpose.”
The trial court accepted appellee’s tendered testimony as to the intentions of the parties to the agreement at the time that it was signed. The theory for accepting this testimony was that the agreement was vague and ambiguous and therefore needed interpretation. Cf. Royal American Realty, Inc. v. Bank of Palm Beach and Trust Company, Fla.App.1968, 215 So.2d 336.
The defendant-appellant maintained in the trial court and maintains here that the agreement is unambiguous and is susceptible to only one reasonable interpretation which is that the quoted paragraph of the agreement guaranteed the appellee-wife payments of alimony for a five-year period from the date of the divorce decree. We agree and reverse with directions to enter a judgment for the defendant.
It has frequently been pointed out that courts may not rewrite an agreement between sui juris parties simply by determining what the court thinks their intention was or should have been. See Camichos v. Diana Stores Corporation, 157 Fla. 349, 25 So.2d 864 (1946); All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App.1968, 212 So.2d 347; Florida East Coast Railway Company v. Atlantic Coast Line Railroad Co., Fla.App.1966, 193 So.2d 666. This proposition would seem to be particularly applicable after the death of one of the parties. Cf. Martel v. Carlson, Fla.App. 1960, 118 So.2d 592. In the present case, the judgment appealed would change the plain language of the agreement it sought to interpret. The agreement says:
% ‡ ‡ % ‡ *
“In the event that the plaintiff husband shall predecease the defendant wife, then the estate of the plaintiff shall be chargeable only with five years support and maintenance for said defendant wife from the date of any Order of Court or *542 decree that may he entered in this cause, .”. [Emphasis supplied.]
These plain words can have only one legal meaning. There is no ambiguity. Cf. Hamilton Const. Co. v. Board of Public Instruction of Dade County, Fla.1953, 65 So. 2d 729; Shaw v. Bankers Life Company, Fla.App.1968, 213 So.2d 514; Azalea Park Utilities, Inc. v. Knox-Florida Development Corporation, Fla.App.1961, 127 So.2d 121. Nor was evidence introduced to show a latent ambiguity because of facts not apparent from the instrument itself. Cf. Whitfield v. Webb, 100 Fla. 1619, 131 So. 786 (1931); Atlantic & Gulf Properties, Inc. v. Palmer, Fla.App. 1959, 109 So.2d 768. Therefore, the trial court was in error in accepting the testimony of a witness who was the attorney for the wife at the time the agreement was drawn up as to his belief as to the intentions of the parties.
Reversed with directions to enter judgment for the defendant.