BARKDULL, Chief Judge.
Some time prior to November, 1970 the parties hereto entered into an agreement to purchase a 110-unit apartment rental building, with the intention of converting it into a condominium apartment building. The contract of deposit called for $40,000.00, to which each party contributed $20,000.00, and required cash at closing of approximately $400,000.00. As the time of closing approached, it became apparent that the parties would be unable to obtain the necessary financing to close the purchase and convert the building to a condominium development.
The appellee was not able to come up with his share of the cash to close and thereupon the appellants purchased the ap-pellee’s interest in the contract for a total purchase price of $45,000.00, payable $20,000.00 in cash and $25,000.00 in notes secured by mortgages, and entered into a letter agreement dated November 25, 1970 which, in addition to setting forth the foregoing terms of the purchase and sale, provided the following as an undertaking on the part of the appellants:
iji ‡ s}c ‡ *
“ * * * In addition if the property is converted into a condominium, it is understood and agreed that you will be paid $100.00 for every unit sold by Evandot Properties, Inc. or any corporation or entity that Evan Olster has an interest in. This does not preclude your acting as a real estate agent for the sale of these units.”
sji ;¡c % * ‡
All parties conceded that at the time they entered into this agreement no one considered converting the apartment building into a cooperative. After the transaction closed and the appellants took title to the build *12 ing-, attempts were made to secure financing to convert it into a condominium project, all to no avail. The appellants then determined to sell the units as a cooperative rather than a condominium, which they successfully did.
The appellee then instituted a suit seeking to reform the agreement to provide that he would receive $100.00 per unit, even though the building had been sold as a cooperative. The trial court, upon final hearing, determined that there was no fraud but found that there was a mutual mistake of fact, and permitted the appellee to recover $100.00 per unit. We reverse.
There was obviously no mutual mistake of existing fact; the parties both testified they never considered conversion to a cooperative; the trial judge found there was no fraud on the part of the appellants in finally electing to develop the project as a cooperative. The contract is clear in its terms that the $100.00 per unit would only be paid “if the property is converted into a condominium”. There is a substantial legal difference between a condominium and a cooperative.[1] It was also put into evidence that the immediate cash flow available to a developer was greater in the conversion to condominium rather than a cooperative.
The trial court having found no fraud [the parties having conceded that they were under no misapprehension as to what the contract meant at the time they entered into it], he was in error in rewriting the contract for the parties. All-Dixie Insurance Agency, Inc. v. Moffatt, Fla.App. 1968, 212 So.2d 347; Shaw v. Bankers Life Company, Fla.App.1968, 213 So.2d 514; International Expositions, Inc. v. City of Miami Beach, Fla.App.1973, 274 So.2d 29.
Therefore, for the reasons above stated, the final judgment reforming the agreement and entering judgment for the appel-lee be and the same is hereby reversed with directions to enter a judgment in favor of the defendants in the trial court. Needless to say, this also calls for a reversal of the cost judgment.
Reversed and remanded, with directions.

. § 711.03, Ma.Stat., F.S.A.
$ ‡ Jj:
“(7) Condominium is that form of ownership of condominium property under which units of improvements are subject to ownership by one or more owners, and there is appurtenant to each unit as part thereof an undivided share in the common elements.
* # * it; *
§ 196.031, Fla.Stat., F.S.A.
* * * # *
“(2) * * * ‘cooperative apartment corporation’ means a corporation, whether for profit or not for profit, organized for the purpose of owning, maintaining and operating an apartment building or apartment buildings to be occupied by its stockholders or members ; and ‘tenant-stockholder or member’ means on individual who is entitled, solely by reason of his ownership of stock or membership in a cooperative apartment corporation, to occupy for dwelling purposes an apartment in a building owned by such corporation. * * * »
s{8 sH # s{t