785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MEMPHIS LIGHT, GAS AND WATER DIVISION, CITY OF MEMPHIS; and
ELIOT WHITTINGTON; PATRICIA SHAW; JACK MORRIS; JOE SAINO;
GEORGE CATES; Constituting the Board of Light, Gas and Water
Commissioners of the Memphis Light, Gas and Water Division,
Plaintiffs-Appellants
v.
THE HOME INSURANCE COMPANY, New York, New York; CERTAIN
INSURANCE COMPANIES, LONDON, ENGLAND, Underwriters
under Memorandum of Excess Liability
Insurance, Defendants-Appellees.
 85-5017
 United States Court of Appeals, Sixth Circuit.
 1/16/86
 
 Before: MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Memphis Light, Gas & Water Division, City of Memphis appeals the grant of summary judgment to the defendant insurance companies. Memphis Light claims that sums that it paid in settlement of employment discrimination claims were covered by excess liability insurance policies issued by the companies.
 
 
 2
 On January 15, 1974, a group of black Memphis Light employees brought suit alleging that the utility was guilty of racial discrimination in its employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e; 42 U.S.C. Secs. 1981, 1983; and the thirteenth and fourteenth amendments of the United States Constitution. On May 16, 1974, the United States filed suit against the City of Memphis, including Memphis Light, alleging that racial as well as sex-based discrimination in employment had been practiced in violation of several of the provisions cited in the black employees suit of January 15.
 
 
 3
 In general, the suits alleged that Memphis Light had discriminated for many years against blacks and women in the areas of promotions, educational requirements for certain jobs, and the use of invalid tests for certain jobs. In the consent decree entered in these suits, both parties stipulated that 'there has existed in the Shelby County area a history of race and sex discrimination,' and that Memphis Light 'realizes that certain practices may have given rise to the inference that such practices of discrimination in hiring or promotion may have occurred.' Memphis Light, moreover, later stipulated:
 
 
 4
 The selection procedures utilized by MLGW under the bargaining agreements in effect from 1970 to the present, because of the prior restrictions on the employment, job assignment and training opportunities afforded to blacks and women at MLGW, unnecessarily perpetuate the race and sex discrimination suffered by those persons initially hired into traditionally black and female positions at MLGW.
 
 
 5
 These suits were settled and Memphis Light claims that the sums paid in settlement were covered by the excess liability insurance policies issued by the defendants.
 
 
 6
 The insurance companies claim that the settlements sums are excluded from coverage by the provision that states:
 
 
 7
 This contract does not apply to: any loss arising from any claims:
 
 
 8
 (a) In respect to employees of the named Assured injured in the course of their employment.
 
 
 9
 Memphis Light claims that such interpretation is erroneous and that such exclusions generally apply only to workmen's compensation claims for physical or bodily injuries.
 
 
 10
 The rules in Tennessee governing the construction of insurance contracts generally follow accepted principles of insurance policy interpretation. The courts have held that the language in insurance policies should be given its ordinary meaning, Paul v. Insurance Co. of North America, 675 S.W.2d 481 (Tenn. Ct. App. 1984), and that any ambiguities must be resolved in favor of the insured. Harkavy v. Phoenix Insurance Co., 417 S.W.2d 542 (1967). The policy should be interpreted to effectuate the intent of the parties. Moore v. Life & Casualty Insurance Co., 40 S.W.2d 403 (1931).
 
 
 11
 The discrimination claims here are not covered by these insurance policies. Any injury resulting from discriminatory practices is clearly suffered in the course of employment and is thus unambiguously excluded from the coverage of the policies. We simply cannot accept Memphis Light's narrow interpretation of this exclusion to require a physical injury. We note that one court in interpreting a similar, although not identical, exclusion found that '[n]o court has read a requirement of worker's compensation coverage into an employee exclusion which does not even mention worker's compensation.' Omark Industries v. Safeco Ins. Co. of America, 590 F. Supp. 114, 120 (D. Or. 1984).
 
 
 12
 The grant of summary judgment to the defendant insurance companies is affirmed.