George A. MOSS, Plaintiff-Appellee,

v.

GOLDEN RULE LIFE INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

Nov. 14, 1986.

Permission to Appeal Denied by Supreme Court Feb. 2, 1987.

Dan D. Rhea, Arnett, Draper & Hagood, Knoxville, and Guy E. McGaughey, Jr., McGaughey & McGaughey, Lawrenceville, Ill., for defendant-appellant.

Charles R. Terry and Beverly C. Sullivan, Morristown, and Jerry L. Phillips, University of Tennessee College of Law, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this action to recover benefits under a group major medical policy, the insurance company defended on the grounds that a material misrepresentation was made as to the insured's weight in the application, which increased the risk but, assuming coverage, the insured was only entitled to recover the difference between the major medical benefits established in the policy and what was paid or payable by Medicare, since the insured was over age 65. The trial judge submitted as issues of fact to a jury whether the pertinent policy provisions were ambiguous and whether a misrepresentation as to the plaintiff's weight had, in fact, been made in the application for coverage. The jury answered the issues in favor of the insured, judgment was entered for full benefits and the insurance company has appealed.

Plaintiff operates a small glass business in Morristown and, on August 4, 1983, signed an application for a group health policy with defendant for himself, his employees and his wife, who was not employed in the business. At the time, his wife was 66 years of age, having turned 65 on June 20, 1982. At the time the application was signed, it stated the wife was 5 feet tall and weighed 180 lbs, which information was supplied by plaintiff. The premiums were payable monthly and for each employee was in excess of $95.00, while the premium for plaintiff's wife was $22.00 per month.[1] The policy became effective on August 8, 1983, and plaintiff's wife was hospitalized with a stroke in October of the same year. During the ensuing months, plaintiff's wife was hospitalized on several occasions and incurred a number of hospital and doctor bills. She died on November 11, 1984.

Plaintiff made claim for full benefits under the policy. In investigating the claims, the insurance company obtained hospital records which contained notes by the treating physician stating plaintiff's wife weighed 350 lbs. Defendant declined to pay any benefits.

At trial, plaintiff insisted the policy provisions relating to his wife were ambiguous and the trial judge submitted the issue of ambiguity to the jury for determination. The existence of an ambiguity in a written insurance contract and its resolution are for the judge and not the jury. *Union Planters Corp. v. Harwell*, 578 S.W.2d 87 (Tenn.App.1978). Moreover, it is the duty of the court to give the language of the policy its usual and ordinary meaning, *Parker v. Provident Life & Acc. Ins. Co.*, 582 S.W.2d 380 (Tenn.1979), and the language of an insurance policy is ambiguous only when the language is susceptible to more than one reasonable interpretation. *Paul v. Insurance Co. of North America*, 675 S.W.2d 481 (Tenn.App.1984).

Applying these rules, we find no ambiguity present in the group policy. The pertinent policy provision, as it relates to the plaintiff's wife's benefits, is as follows:

> When any Covered Person is eligible for Medicare, all Policy benefits otherwise payable with respect to the Covered Person will be reduced by any service provided, or any benefits paid or payable, for the same loss under Part A and Part B of Medicare.

---

1. The monthly premiums for all employees were paid by one check but plaintiff conceded the agent told plaintiff what "each individual would cost."

For the purposes of this provision, benefits will be paid on the basis that the Covered Person is covered by both Part A and Part B of Medicare. If the Covered Person should not receive benefits under either Part A or Part B because of:

(a) failure to enroll when required;

(b) failure to pay any premiums that may be required for full coverage of the person under Medicare; or

(c) failure to file any written request or claim required for payment of Medicare benefits,

the Company will make a determination of the total benefits that would have been payable under Medicare in the absence of this failure.

"Part A" means the "Hospital Insurance Benefits for the Aged" portion of Medicare.

"Part B" means the "Supplementary Medical Insurance for the Aged" portion of Medicare.

█ Plaintiff insists the words "eligible" and "when required" are ambiguous. We do not agree. Neither is inherently ambiguous and, when given their usual and ordinary meanings in the context of the quoted provision, establish that persons who are eligible for Medicare are provided an alternate health insurance benefit, which pays the difference between what would normally be paid under the major medical benefits and what is paid or payable by Medicare and, where the insured has failed to enroll when required to receive Medicare benefits, the failure will not increase the liability of the company under the terms of the policy. Plaintiff also argues the procedure followed by defendant did not comply with Tennessee law regarding the issuance of a Medicaid supplement policy and relies on the regulations of the Department of Insurance of the state relating to the issuance of Medicare supplement insurance. The group policy under consideration does not fall within these regulations. *See* T.C.A., § 56–7–1401 and Rules of the Department of Insurance Division of Insurance, Chapter 0780–1–45, 0780–1–45.03, (Definitions) (1)(c).[2]

Plaintiff's wife did not enroll when eligible for Medicare benefits and her failure to enroll when required to receive the benefits is simply a circumstance described in the policy relieving defendant from paying any greater benefits than set forth in the provisions of the policy.

█ Next, the insurance company, while conceding the evidence established a factual issue for the jury as to the representations made about plaintiff's wife's weight in the application, argues the admission of "legal opinions" on the issue of ambiguity "tainted unfairly the jury's deliberations of the factual issue." Upon considering the whole record, we cannot say that the erroneous admission of expert testimony on the terminology of the policy "more probably than not affected the judgment" on the issue of misrepresentation. T.R.A.P., Rule 36(b).

Accordingly, we reverse the judgment of the trial court and remand for the entry of a judgment based on the difference between the benefits normally paid under the major medical provision of the policy and the amount which would have been payable by Medicare had plaintiff's wife been covered under Medicare.

The cost of appeal is assessed one-half to each party.

PARROTT, P.J., and RICHARD R. FORD, Special Judge, concur.

2. 0780–1–45–.03(1)(c) provides:

"Medicare Supplement Policy" means a group or individual policy of accident and sickness insurance or a subscriber contract of hospital and medical service associations which is advertised, marketed or designed primarily as a supplement to reimbursements under Medicare for the hospital, medical or surgical expenses of persons eligible for Medicare. Such term does not include a policy or contract of one or more employers or labor organizations, or of the trustees of a fund established by one or more employers or labor organizations, or combination thereof, for employees or former employees, or combination thereof, or for members or former members, or combination thereof, of the labor organizations.