IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

**August 24, 1999**

**Cecil Crowson, Jr.
Appellate Court
Clerk**

| | |
|---|---|
| MARTHA CARTER AND STEVEN A. CARTER, | ) C/A NO. 03A01-9810-CV-00327 ) |
| | ) SULLIVAN CIRCUIT |
| Plaintiffs-Appellants, | ) |
| | ) HON. RICHARD LADD, |
| v. | ) JUDGE |
| | ) |
| USAA PROPERTY & CASUALTY INSURANCE, | ) ) AFFIRMED |
| | ) AND |
| Defendant-Appellee. | ) REMANDED |

J. WESLEY EDENS, Bristol, for Plaintiffs-Appellants.

RICHARD M. CURRIE, JR., and JOEL A. CONKIN, WILSON, WORLEY & GAMBLE, P.C., Kingsport, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

From an adverse ruling in the Trial Court, plaintiffs, policy holders, have appealed to this Court.

The issues raised on appeal are:

1. Are the benefits paid under Part C - - Uninsured Motorists Coverage, of the Automobile Insurance Policy subject to a reduction for payment by USAA of additional medical expense benefits under Special Coverages, Air Bags and Seat Belts, of the Automobile Insurance Policy?

2. Is the award of $12,000.00 to Plaintiff, Steven A. Carter, for loss of consortium a derivative action, such as to fall under the definition of that term as it is used in Part C - - Uninsured Motorists Coverage, Limited Liability, A, of the Automobile Insurance Policy?

Martha and Steven Carter, husband and wife, had an automobile

insurance policy with U.S.A.A. Property and Casualty Insurance (USAA). Part B of the policy provided medical payment benefits with policy limits of $10,000.00 per person. That part also contained a provision which provided an additional $10,000.00 in medical benefits if the person is injured while protected by an air bag or a seat belt. Under Part C, the uninsured motorists coverage, the policy provided coverage for bodily injury with limits of $100,000.00 per person and $300,000.00 per accident.

During the policy term, Martha Carter and her daughter Amira Nicole Carter were involved in an accident with Billy L. King, who was uninsured. Ms. Carter was protected by an air bag, but she and her daughter both suffered injury in the accident. The Carters brought suit against Billy L. King, and a jury returned a verdict attributing 80% of the fault for the accident to Billy L. King and 20% fault to Martha Carter. Damages were assessed for Martha in the amount of $150,000.00 for bodily injury, medical expenses and loss of earnings or earning capacity, and for her husband Steven in the amount of $15,000.00 for loss of services and consortium. Amira Nicole was awarded $1,000.00 for bodily injury, and her parents $500.00 for medical expenses and loss of services of their daughter. The judgment was reduced by the 20% fault attributable to Martha, with the final judgment entered as follows: Martha Carter - $120,000.00; Steven Carter - $12,000.00; Amira Nicole Carter - $800.00, and Martha and Steven Carter - $400.00.

The dispute between the parties focuses on the construction of the insurance contract. Issues relating to the scope of insurance coverage present questions of law. *Standard Fire Ins. Co. v. Chester O'Donley & Assoc.*, 972 S.W.2d 1, 5-6 (Tenn. App. 1998). Accordingly, our review is *de novo* without any presumption that the judgment below is correct.

Contracts of insurance must be read in their entirety, and the language used must be given its "plain and ordinary meaning, and where there is no ambiguity,

2

it is the duty of the Court to apply the words used in their ordinary meaning, without any false construction. *Paul v. Insurance Co. of North America*, 675 S.W.2d 481, 483-4, (Tenn. App. 1984); *Beef N' Bird of Am. v. Continental Cas. Co.*, 803 S.W.2d 234, 237 (Tenn. App. 1990).

We find no ambiguity in the policy before us. Under Part C, the uninsured motorists coverage, the policy has limits of $100,000.00 per person and $300,000.00 per accident. Part B deals with medical payments coverage, and has a limit of $10,000.00 per person. Under the heading "Limit of Liability," Part B provides:

> A. Medical Payments Coverage:
> . . .
> > 2. Any amounts otherwise payable for expenses under Medical Payments Coverage shall be reduced by any amounts paid or payable for the same expenses under Part A or Part C.
> > 3. If we make a payment to an injured person under Medical Payments Coverage, that payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

Under this provision, the benefits paid to Ms. Carter under the medical payments coverage of Part B must be applied toward her total recovery of $100,000.00 under the uninsured motorists coverage. However, Part B contains a special provision dealing with air bags and seat belts, which provides as follows:

> If Medical Payments Coverage is in effect and a covered person is wearing a seat belt, protected by an air bag or in an appropriate child restraint device at the time of an accident, we will:
>
> > 1. Increase the limit of liability shown in the Declarations for Medical Payments Coverage by $10,000.00 for that covered person for that accident.
> > . . . .

It is clear from this language that the intent is to increase the limit of liability for medical payments by $10,000.00 for a covered person for one accident. Plaintiffs point to language found outside the insurance policy for the proposition that $10,000.00 is a separate benefit from the medical benefits. However, since the policy

3

language is not ambiguous, we do not resort to extrinsic evidence. *See Blue Diamond Coal v. Holland-America Ins. Co.*, 671 S.W.2d 829, 833 (Tenn. 1984).

Next, plaintiff Steven Carter contends that his judgment for loss of consortium is not a derivative action, such as to fall under the definition in the uninsured motorists coverage. Part C of the policy sets forth the uninsured motorists coverage, which has limits of $100,000.00 per person and $300,000.00 per accident. Under the heading, "Limit of Liability," in Part C, the policy states:

> A. For BI (bodily injury) sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of BI liability shown in the Declarations for "each Person" for UM Coverage. Subject to this limit for "each person", our maximum limit of liability for all damages for BI resulting from any one accident is the limit of BI liability shown in the Declarations for "each accident" for UM Coverage. . . . This is the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the Declarations or vehicles involved in the accident.

It is the Carters position, that the husband's loss of consortium claim, though derivative of the wife's injuries, is a separate claim which is subject to a separate "per person" limit. The defendant, on the other hand, argues the policy includes loss of consortium claims in its per person limit for the injured party.

While we have long recognized that the husband or wife's claim for loss of consortium is derivative in the sense that the injuries to his or her spouse are an element that must be proved, the loss of consortium is a right independent of the spouse's right to recover for the injuries. *Swafford v. Chattanooga*, 743 S.W.2d 174, 178 (Tenn. App. 1987). The right to recover for the loss of consortium under an insurance policy may be limited to the per person policy limits, depending upon the construction of the policy. *See Yancey v. Utilities Ins. Co.*, 23 Tenn. App. 663, 137 S.W.2d 318, 325 (1939). *Accord, Harper v. Kelley*, No. 03A01-9106CV199, 1991 WL 220611 (Tenn. App. Oct. 31, 1991). In the policy before us, giving the language

4

its ordinary and natural meaning, it limits the liability for injuries to one person to $100,000.00. This limit of liability is for bodily injury to any one person, and "all resulting damages, including, but not limited to, all direct derivative or consequential damages recoverable by any person". This includes the loss of consortium claims, which are derivative actions and recoverable by someone other than the physically injured party. Accordingly, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed to the appellants.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Charles D. Susano, Jr., J.