PER CURIAM.
Appellant, ThyssenKrupp Elevator Corporation (“ThyssenKrupp”), appeals a summary final judgment awarding it damages on a breach of contract claim. On appeal, Thyssenkrupp contends that it is entitled to more damages than were awarded by the court for the breach of the contract. We agree and reverse.
The parties entered into a maintenance contract in which ThyssenKrupp was to provide elevator maintenance service to Hampton Manor at Deerwood (“Hampton Manor”) for a term of five years. Thys-senkrupp provided the services for the five-year term. At the end of the five-year term, the contract automatically renewed for an additional five years.
During the time of the second renewal, Harbor Manor breached the contract by failing to pay for work performed in the amount of $1,157.14. The contract provided that upon failure to pay an overdue invoice, Thyssenkrupp could either: (1) suspend all service until all amounts due had been paid in full, or (2) declare all sums for the unexpired term of the agreement due immediately and terminate the contract. In this case, Thyssenkrupp elected option two. It filed suit stating a claim for the unpaid invoices and for sums due for the unexpired term of the contract. Harbor Manor answered the complaint by a general denial of the allegations and raised no affirmative defenses.
The case ultimately went before the court on Thyssenkrupp’s motion for summary judgment. At the summary judgment hearing, Thyssenkrupp provided the *759 contract, the unpaid invoices, and the affidavit of its corporate representative as to all the amounts due and owing, including the amounts for the unexpired term, all totaling $30,259.71. Harbor Manor provided no counter-affidavits. It made a legal argument that Thyssenkrupp’s corporate representative’s affidavit did not comply with Florida Rule of Civil Procedure 1.510(e). It claimed that the affidavit was not based upon personal knowledge and did not set forth facts that would be admissible into evidence. In addition, Harbor Manor argued that the affidavit did not show affirmatively that the affiant was competent to testify to the matters stated therein, citing Jones Construction Co. of Central Florida., Inc. v. Florida Workers’ Compensation, JUA, Inc., 793 So.2d 978, 980 (Fla. 2d DCA2001).
After hearing arguments, the court entered judgment in favor of Thyssenkrupp in the principal amount of $1,157.14, the amount of the outstanding invoices, but did not grant damages for the unexpired term of the contract in the amount of $29,102.57. The court found Thyssenkrupp’s corporate representative’s affidavit complied with rule 1.510(e).
The contract is clearly unambiguous, and its plain meaning sets forth that upon default Thyssenkrupp is entitled to recover the monthly fee for the remaining term of the contract. When the terms of a contract are clear and unambiguous, a court has no right to give it a meaning other than that expressed in it. See Hamilton Const. Co. v. Bd. of Pub. Instruction of Dade Cnty., 65 So.2d 729, 731 (Fla.1953). “To hold otherwise would be to do violence to the most fundamental principle of contracts.” Id.
In this case, the parties agreed that upon Harbor Manor’s failure to pay an outstanding invoice, Thyssenkrupp could cancel the contract and accelerate the remaining term, which it clearly did. Therefore, it was entitled to damages for the unpaid invoices in the amount of $1,157.14, and damages pursuant to the terms of the contract in the amount of $29,102.57, making the total principal amount owed to Thyssenkrupp $30,259.71. This case is remanded for entry of a judgment in favor of Thyssenkrupp in the principal amount of $30,259.71.
REVERSED and REMANDED.
ORFINGER, EVANDER, JJ. and JACOBUS, B.W.', Senior Judge, concur.